1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    JUAN ESTRADA, an individual, | CASE NO. 10 CV 503 JM (AJB) |
| 12          Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| 13      vs. | Doc. No. 4 |

11   JUAN ESTRADA, an individual,

CASE NO. 10 CV 503 JM (AJB)

12                                  Plaintiff,

**ORDER GRANTING MOTION TO DISMISS**

13      vs.

Doc. No. 4

14   COUNTRYWIDE HOME LOANS, INC.;
RECONTRUST COMPANY, N.A.;
15   MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; and DOES
16   1 through 20,

17                                  Defendants.

18        Plaintiff Juan Estrada brought this action for claims arising from a residential mortgage

19   transaction. (Doc. No. 1). Defendants Bank of America, N.A. ("BOA"), successor-in-interest

20   to Countrywide Home Loans, Inc. ("Countrywide"), Recontrust Company ("Recontrust"), and

21   Mortgage Electronic Registration Systems ("MERS") now move to dismiss the complaint for

22   failure to state a claim upon which relief can be granted, or in the alternative, for summary

23   judgment.  (Doc. No. 4).  Plaintiff has failed to file an opposition to Defendants' motion,

24   which may "constitute consent to the granting of the motion."   CivLR 7.1(f)(3)(c).

25   Nonetheless, the court address the merits of Wilshire's motion to dismiss.

26        The court finds this matter appropriate for disposition without oral argument.  *See*

27   CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS the motion to dismiss.

28   At this early stage of the proceedings, however, and without a response from Plaintiff, the

court declines to convert Defendants' motion to dismiss into a motion for summary judgment.

## I.   BACKGROUND

On or about January 21, 2004, Plaintiff financed the purchase of his primary residence with a mortgage provided by Countrywide.  (Doc. No. 1, hereinafter "Compl.", ¶¶ 6-7).  At some point, Plaintiff began having difficulty paying his mortgage. (Compl. ¶ 21).  Thereafter, Recontrust filed a Notice of Default on October 9, 2009.  (Compl. ¶ 22).  Around November 2009, Plaintiff's counsel conducted a "forensic review" of Plaintiff's loan documents.  (Compl. ¶ 24).  Plaintiff's home was scheduled to be sold at auction on March 11, 2010.  (Compl. ¶ 23).

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings.  *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   DISCUSSION

Plaintiff's first two claims are for intentional misrepresentation and fraudulent concealment.  Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity.  Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why

it is false.'" *Id.* (quoting *Decker v. GlenFed, Inc.* (*In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)).  On a claim for fraud, then, a "pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (citation omitted).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Id.*  Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants.  *Id.*

Plaintiff's allegations fail to meet this pleading standard.  Nowhere in his complaint does Plaintiff identify any individual who made a false statement, nor does he specify the time and place of the false statements.  Furthermore, Plaintiff fails to "set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.  Finally, Plaintiff's fraud claims appear to be barred by the three-year statute of limitations.  *See* Cal. Code Civ. P. § 338(d).  Accordingly, the court grants Defendants' motion to dismiss the intentional misrepresentation and fraudulent concealment claims.

Plaintiff's claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, appear to be time-barred.  Both claims are subject to a one-year statute of limitations.  15 U.S.C. §1640(e), 12 U.S.C. § 2614.  Plaintiff filed this lawsuit on March 9, 2010, over six years after obtaining the mortgage in question.

Plaintiff seeks to avoid the statute of limitations by pleading that the alleged statutory violations were discovered within one year of a "forensic review" of Plaintiff's loan documents.  This allegation is insufficient to toll the statute of limitations.  Plaintiff does not allege any facts to suggest that equitable tolling is appropriate; any irregularities in the loan would have been apparent from the face of the documents he received, or did not receive, at closing.  Furthermore, Plaintiff does not allege facts demonstrating diligence on his part in conducting a "forensic review" prior to the expiration of the statute of limitations.  Therefore, the court hereby grants Defendants' motion to dismiss the TILA and RESPA claims.

1    Plaintiff's final claim is for quiet title.  To state a claim to quiet title, a complaint must

2    be verified and include (1) a legal description of the property and its street address or common

3    designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the

4    title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for

5    the determination of the title of the plaintiff against the adverse claims.  Cal. Civ. Proc. Code

6    § 761.020.  As the court hereby dismisses all of Plaintiff's other claims, Plaintiff has not stated

7    an underlying theory of relief for his quiet title claim.  *Cf. Ankoanda v. Walker-Smith*, 44 Cal.

8    App. 4th 610, 615 (1996).  Therefore, the court likewise dismisses Plaintiff's quiet title claim.

9    **IV.    CONCLUSION**

10    For the foregoing reasons, the court hereby GRANTS Defendants' motion to dismiss.

11    Plaintiff shall have leave to file an amended complaint that addresses the deficiencies outlined

12    in this order no later than June 10, 2010.

13    **IT IS SO ORDERED.**

14    DATED:  May 27, 2010

15    _____

16    Hon. Jeffrey T. Miller
      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28